IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BBW LAW GROUP, LLC et al. | : | |
| | : | |
| v. | : | Civil Action No. DKC 16-2218 |
| | : | |
| PIERRE HICKS et al. | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this foreclosure action is the motion filed by Plaintiffs Carrie M. Ward, Jacob Geesing, Richard R. Goldsmith, Jr., Elizabeth C. Jones, Jason Kutcher, Pratima Lele, Ludeen McCartney-Green, and BWW Law Group, LLC, (collectively, "Plaintiffs") to remand this case to the Circuit Court for Montgomery County, Maryland. (ECF No. 26). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

**I.  Background**

According to Plaintiffs, on December 20, 2006, Tanya Hicks and Pierre Hicks (collectively, "Defendants") executed both a promissory note evidencing their obligation to repay a loan in the amount of $332,800.00 and a deed of trust pledging as security their property located in Damascus, Maryland. (ECF No. 26-2). The note and deed of trust are currently held by U.S.

Bank, National Association as Trustee under the Pooling and Servicing Agreement dated as of February 1, 2007, GSAMP Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1. Plaintiffs were appointed as substitute trustees, a few months later defendants defaulted on their payment obligation, and Plaintiffs thereafter initiated an *in rem* foreclosure action against the property in the Circuit Court for Montgomery County, Maryland.  Plaintiffs filed the foreclosure action on November 17, 2015, and Defendants entered their appearance by filing an affidavit on February 2, 2016.  On June 23, 2016, Defendants, proceeding *pro se* and identifying themselves as "counterclaimants," removed the action to this court pursuant to 28 U.S.C. § 1441, asserting federal question jurisdiction under 28 U.S.C. § 1331.  (ECF No. 1).  Plaintiffs filed their pending motion to remand on July 14, 2016.  (ECF No. 26)

## II.  Standard of Review

When a plaintiff challenges the propriety of removal, the defendant bears the burden of proving proper removal.  *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004); *Greer v. Crown Title Corp.*, 216 F.Supp.2d 519, 521 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).  In considering a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court."

*Richardson v. Philip Morris Inc.*, 950 F.Supp. 700, 702 (D.Md. 1997) (internal quotation marks omitted); *see Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011).  This standard reflects the reluctance of federal courts "to interfere with matters properly before a state court." *Richardson*, 950 F.Supp. at 701. Thus, "[w]hile a district court should be cautious in denying defendants access to a federal forum because remand orders are generally unreviewable, it is also true that removal jurisdiction raises significant federalism concerns." *Momin v. Maggiemoo's Int'l, LLC*, 205 F.Supp.2d 506, 508 (D.Md. 2002) (citations and internal quotation marks omitted).

## III. Analysis

As an initial matter, the removal is untimely.  Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days after receipt of the initial pleading by the defendant, and Defendants did not do so here.  Defendants filed the notice of removal on June 20, 2016, which was more than four months after Defendants entered their appearance in the case. When a defendant fails to remove a case before the close of the thirty-day window, the defendant loses the right to remove a case.  *See McKinney v. Bd. Of Trustees of Mayland Cmty. Coll.*, 955 F.2d 924, 925 (4th Cir. 1992).

Even if the removal had been timely, it would not have been proper.  The removal statute provides, in relevant part:

3

> Except as otherwise expressly provided by
> Act of Congress, any civil action brought in
> a State court of which the district courts
> of the United States have original
> jurisdiction, may be removed by the
> defendant or the defendants, to the district
> court of the United States for the district
> and division embracing the place where such
> action is pending.

28 U.S.C. § 1441(a).  Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Such jurisdiction arises from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. V. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *see also In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) ("[A]ctions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question.").  In determining the propriety of removal, courts generally look to the face of the underlying pleading.  *See Jacob v. Hinds*, No. DKC 10-2103, 2010 WL 3782008, at *2 (D.Md. Sept. 23, 2010) (citing *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951)).

Here, there is no federal question presented by the Order to Docket Foreclosure of Residential Property or the

4

accompanying papers filed by Plaintiffs in state court. To the contrary, the pleading cites various provisions under the Real Property Article of the Annotated Code of Maryland and the Maryland Rules as grounds for the foreclosure action. To the extent that Defendants challenge Plaintiffs' ability to enforce the promissory note and deed of trust, such determinations are governed exclusively by Maryland law. *See* Md. Code Ann., Comm. Law §§ 3-101, *et seq.* In their notice of removal, Defendants purport to assert counterclaims based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, which, they contend, serve as the basis for removal to this court. The FDCPA is a safeguard for consumers from abusive and deceptive debt collection practices by debt collectors. *Bassoff v. Treanor, Pope & Hughes P.A.*, No RDB-14-3753, 2015 WL 8757651, at *5 (D.Md. Dec. 15, 2015) (citing *United States v. Nat'l Fin. Servs. Inc.*, 98 F.3d 131, 135 (4th Cir. 1996)). Any defensive claims Defendants may wish to present cannot provide a basis for removal jurisdiction. *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d at 584 ("a defendant may not defend his way into federal court because a federal defense does not create a federal question under § 1331."). Thus, in addition to the removal being untimely, it also cannot be sustained in this court based on federal question jurisdiction. Accordingly, the case was improperly removed by Defendants and will be remanded.

**IV.  Conclusion**

For the foregoing reasons, Plaintiffs' motion to remand will be granted.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge